UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KATE LYNN GARVIN,

    Plaintiff,

v.                                    Case No.:  2:23-cv-1027-SPC-KCD

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## OPINION AND ORDER

Before the Court is United States Magistrate Judge Kyle C. Dudek's Report and Recommendation (Doc. 21).  Judge Dudek recommends affirming the decision of the Commissioner of Social Security.  Plaintiff objects (Doc. 22), and Defendant's response time has elapsed, so the matter is ripe for review.

When reviewing a report and recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). When objections are made, the district court engages in a de novo review of the issues raised.

Having examined the record, the Court overrules Plaintiff's objections and adopts Judge Dudek's Report and Recommendation in full.  The objections—and Plaintiff's entire appeal—focus on the weight the ALJ

assigned to the opinions of Ashleigh DePalma, Plaintiff's social worker, concerning Plaintiff's mental limitations.

In July 2021, DePalma completed a "Questionnaire as to Mental Residual Functional Capacity." In it, she opined that Plaintiff has "moderate," "marked," and "extreme" limitations in various areas of psychological functioning, including social interaction, concentration and persistence, and adaptation. And she concluded that Plaintiff's condition would deteriorate if placed under the stress of a job. (Tr. 1347-50). The ALJ found DePalma's opinions unpersuasive because (1) they are inconsistent with or supported by ongoing severe and extreme clinical abnormalities reflected in mental treatment notes; (2) Plaintiff did not seek, receive, or require emergency or inpatient care for psychological or psychiatric distress; and (3) Plaintiff's activities of daily living suggest she is not as limited as DePalma suggests. (Tr. 34).

Plaintiff disagrees with the ALJ's finding. She argues that, in finding DePalma's opinions inconsistent with other mental health treatment notes, he focused solely on objective observations, which ignores "the inherently subjective nature of mental illness." (Doc. 16 at 12; Doc. 22 at 1-2). But there is a problem with Plaintiff's argument: the ALJ did not focus solely on objective observations. He also noted Plaintiff's lack of emergency or inpatient psychiatric treatment and that Plaintiff's activities of daily living suggest she

2

is not as limited as DePalma opined. So this objection is baseless. *Cf. Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005) (rejecting Plaintiff's argument that the ALJ erred in failing to properly consider her subjective symptoms of pain and fibromyalgia (which is generally diagnosed on an individual's subjective symptoms) because the ALJ also relied on the inconsistencies between plaintiff's descriptions of her diverse daily activities and her subjective complaints).

Plaintiff goes further, challenging the ALJ's reliance on her activities of daily living. She claims the ALJ's consideration of such evidence "was simply a statement that 'the claimant continued to perform a wide range of activities of daily living as outlined above'" without any further explanation. Consequently, the argument goes, the ALJ failed to establish a "logical bridge" between the evidence and his conclusions. (Doc. 22 3-4). This position is disingenuous.

The ALJ articulated that Plaintiff "continued to perform a wide range of activities of daily living *as outlined above*[.]" (Tr. 34). Looking above, the ALJ, in discounting the psychological opinions of another treater,[1] explained:

> [C]laimant continued to engage in wide range of activities of daily living demonstrating significant ongoing abilities including completing personal care, preparing meals for herself and her son, performing all manner of childcare activities for her special needs child, maintaining a relationship with a significant other, attending a wedding, watching television, reading, completing light household chores and managing her

---

[1] Notably, Plaintiff did not object to the ALJ's discount of this treater's opinions.

3

> own finances, using social media, talking with friends and family regularly, grocery shopping, driving and taking her boyfriend's mother to and from the doctor regularly, and navigating recovery after a natural disaster. All of the foregoing suggest that the claimant is not as limited as is otherwise alleged.

(Tr. 33). The ALJ's reference to an earlier discussion is not improper. *See Moore v. Kijakazi*, No. 8:23-CV-206-AAS, 2023 WL 8187216, at *6 (M.D. Fla. Nov. 27, 2023) (rejecting the plaintiff's "logical bridge" argument, explaining "[t]he regulations do not prevent an ALJ from referring to evidence discussed elsewhere in the decision when evaluating medical opinions"). And ultimately, "[a]n ALJ does not need to give a treating physician's opinion considerable weight if evidence of the claimant's daily activities contradicts the opinion." *Jarrett v. Comm'r of Soc. Sec.*, 422 F. App'x 869, 873 (11th Cir. 2011).

Plaintiff also argues the ALJ improperly relied on her lack of emergency or inpatient treatment because, in her view, it is not a sufficient reason to deny disability. (Doc. 16 at 10-11). Judge Dudek rejected these arguments explaining that it is not improper for an ALJ to discount subjective medical complaints or medical opinions based on lack of treatment unless this is the *sole* basis for doing so. (Doc. 21 at 7). This is correct. *See Leigh v. Comm'r of Soc. Sec.*, No. 6:23-CV-212-DCI, 2024 WL 939596, at *2 (M.D. Fla. Mar. 5, 2024) (rejecting a similar argument); *Mokhtarians v. Comm'r of Soc. Sec.*, No. 8:20-CV-1795-CEH-AAS, 2022 WL 766399, at *4 (M.D. Fla. Mar. 14, 2022) (same); *Limle v. Colvin*, No. 8:12-CV-730-T-TGW, 2013 WL 3432227, at *13

(M.D. Fla. July 8, 2013) (same). And as Judge Dudek correctly noted (and as discussed above), the lack of emergency or inpatient treatment was "just one data point among many" utilized by the ALJ in discounting DePalma's opinion.

Plaintiff otherwise highlights evidence favorable to a disability finding and argues the ALJ "cherry-picked" evidence "in order to mischaracterize the consistency and supportability" of DePalma's opinions. (Doc. 16 at 14; Doc. 22 at 3-4). But "there is a fine line between evaluating [an ALJ's] decision for 'cherry-picking' and reweighing the evidence." *Frangione v. Comm'r of Soc. Sec.*, No. 6:20-cv-1298-GJK, 2021 WL 9569655, *5 (M.D. Fla. Sept. 24, 2021). Plaintiff asks the Court to cross this line. Judge Dudek wisely declined to do so, and this Court does as well. Indeed, the ALJ spent several pages outlining both favorable and unfavorable evidence. That the ALJ did not reference every piece of favorable evidence, without more, is not a ground for reversal. *See Castel v. Comm'r of Soc. Sec.*, 355 F. App'x 260, 263 (11th Cir. 2009); *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005).

No doubt there is evidence in the record to support a disability finding. But "the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004); *see also Borges v. Comm'r of Soc. Sec.*, 771 F. App'x 878, 882 (11th Cir. 2019) ("To the extent that [plaintiff] points to other evidence that would undermine the ALJ's RFC determination,

5

her contentions misinterpret the narrowly circumscribed nature of this Court's appellate review, which precludes it from re-weighing the evidence or substituting its own judgment for that of the Commissioner."). Because the ALJ's decision is supported by substantial evidence, the decision of the ALJ is affirmed, and Judge Dudek's well-reasoned Report and Recommendation is adopted in full.

Accordingly, it is now

**ORDERED:**

1. United States Magistrate Judge Kyle C. Dudek's Report and Recommendation (Doc. 21) is **ACCEPTED and ADOPTED**, and the findings are incorporated here.

2. The Clerk is **DIRECTED** to enter judgment, deny any pending motions as moot, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on November 1, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record